In the Matter of ADOLPH KORNECKI, Respondent, against CITY OF NEW YORK (NEW YORK TRANSIT SYSTEM, B. M. T. DIV.), Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 1, 1955.

*Peter Campbell Brown, Corporation Counsel* (*Robert B. Hugh* and *Seymour B. Quel* of counsel), for appellant.

*Jacob K. Javits, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Samuel Israel* for claimant-respondent.

IMRIE, J. Claimant, an employee in the New York Transit System, had been a motorman for twenty-seven years prior to May 4, 1948. On that date the self-insured employer's physician, finding him afflicted with Dupuytren's contracture of both hands, recommended his transfer to the duties of railroad clerk. The transfer was made and claimant continued with the same employer until December 4, 1950, but, as railroad clerk, received a smaller wage and had different duties, described by him as " Light duty, lunch relief, handle change, push change out of the window. * * * Just make change."

He first learned that his ailment was the result of his work as motorman when he visited his physician for treatment of his hands on December 4, 1950. The Workmen's Compensation Board has made claimant a schedule award for percentage loss of use of both hands as a result of the occupational disease and has found December 4, 1950, as the date of disablement, which was more than two and one-half years after the contraction of the disease. The award fell within the exception contained in that part of the second sentence of section 40 of the Workmen's Compensation Law, which reads, " The time limit for contraction of the disease prescribed by this section shall not bar compensation in the case of an employee who contracted the disease *in the same employment* with the same employer by whom he was employed at the time of his disablement and who had continued *in the same employment* with the same employer from the time of contracting the disease up to the time of his disablement thereby ". (Emphasis supplied.)

Employer argues that, at the time of disablement, claimant was not " in the same employment ", within the meaning of the statute, as he had been prior to May 4, 1948, the latest possible date of the contraction of the disease.

This is not an entirely novel issue. It has been before this court in three cases cited in both briefs on this appeal. In *Matter of McLaughlin* v. *Alco Gravure Div. of Pub. Corp.* (268 App. Div. 839, motion for leave to appeal denied 294 N. Y. 642), the deceased employee, a pressman, was exposed to benzol poisoning before 1938. He was disabled therefrom in 1942 while working for the same employer, which discontinued the use of benzol in 1938. Employer argued that " in the same employment " meant that, at the time of his disablement, the employee must have been doing the same kind of work and subject to the same hazard as at the time he contracted the disease. The award was affirmed in this court.

In *Matter of Rocha* v. *Otis Elevator Co.* (279 App. Div. 829, motion for leave to appeal denied 303 N. Y. 1015), this court again affirmed an award in compensation where the employer had argued that claimant was not " in the same employment " when disabled because at certain periods he had worked as a machine molder and at other times in lighter work as a squeezer molder.

In *Matter of Frank* v. *Freedman Die Cutters* (281 App. Div. 934, affd. 306 N. Y. 935), the claimant at certain periods, but not continuously, was engaged in lifting and weighing corrugated board boxes, with lighter duties at other periods. Working for half days during a part of December, 1949, at the handling of boxes, she contracted bursitis in her right shoulder. She was disabled January 2, 1951. She did no more of the lifting work after that December, but she continued to work for the same employer retaining her position as forelady. This court said, " The fact that she may not have done precisely the same kind of work during all of that time does not remove her from the ' same employment '."

Appellant urges that this is the first time a manifest, complete change of position (from motorman to railroad clerk) has been presented for this court's consideration. An attempt to interpret " in the same employment " as meaning " doing the same kind of work " or " exposed to the same hazards " failed. We see no reason for barring a recovery by reason of the change of so mutable a thing as a job title.

Nor do we find merit in the argument that affirmance will be equivalent to holding that the repetition of the phrase " in the

same employment '' is mere surplusage, and thus violative of a basic canon of statutory construction. The language is neither cryptic nor superfluous, but is designed to emphasize that only continuity of employment with the same employer from the time of contracting the disease until disablement therefrom is sufficient to lift the twelve months' time limit provided in section 40 of the Workmen's Compensation Law.

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, HALPERN and ZELLER, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.