In the Matter of the Claim of TIMOTHY DUNLEAVY, Appellant, against WALSH, CONNELLY, SENIOR & PALMER et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued April 25, 1955; decided June 10, 1955.

*Louis Mendelson* and *William Doblin* for appellant. I. The compensation referee's decision and award to claimant was correct in law and should not have been reversed by the board. (*Matter of Emslie* v. *Fuller Co.*, 277 App. Div. 815.) II. Total disability under the Workmen's Compensation Law is not limited in meaning to a medical disability. (*Matter of McCann* v. *Walsh Constr. Co.*, 282 App. Div. 444; *Matter of Glavy* v. *Bethlehem Steel Co.*, 271 App. Div. 906, 296 N. Y. 998, 271 App. Div. 1040, 298 N. Y. 594; *Matter of Duebel* v. *Buffalo Pottery*, 278 App. Div. 1030, 283 App. Div. 542; *Matter of Higgins* v. *August Krazeise, Inc.*, 281 App. Div. 907; *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works*, 304 N. Y. 65.)

*Albert P. Thill* for Walsh, Connelly, Senior & Palmer and another, respondents. I. Substantial evidence supports the board's decision herein appealed from. (*Matter of Dennison* v. *Peckham Road Corp.*, 295 N. Y. 457.) II. The state of total disability under the Workmen's Compensation Law is a factual question to be determined by the board on all the facts. (*Lee* v. *Minneapolis St. R. R.*, 230 Minn. 315; *Elliott* v. *Gooch Feed*, 147 Neb. 309; *Berg* v. *Saddler*, 235 Minn. 214; *National Fuel* v. *Arnold*, 121 Col. 220; *Kuhnle* v. *Department of Labor*, 12 Wn. 2d 191; *Cardiff* v. *Hall*, 1 K. B. 1009; *Cornett-Lewis* v. *Day*, 312 Ky. 221; *Matter of Slawinski* v. *Williams & Co.*, 298 N. Y. 546; *Matter of Cole* v. *Saranac Lake Gen. Hosp.*, 282 App. Div. 626.)

DESMOND, J. The question of law is this: may a workman's compensation claim for total disability from silicosis be denied as against his latest employer in a dust-exposure employment, because of expert testimony that he had become, medically, totally disabled while working for a different employer, some two years earlier? The evidentiary facts are not disputed. Claimant's work since about 1923, as a sandhog, had subjected him to various exposures of silica dust. In March, 1950, while so employed by an employer other than this respondent, he entered a hospital for treatment for thrombophlebitis, but a routine chest X ray revealed the presence, or probable presence, of tuberculosis and silicosis. There is no proof that claimant was then told that he was totally disabled or unable to work at his regular trade. After his discharge from the hospital, claimant worked as a lock tender and watchman until October, 1951. In December, 1951, he applied to respondent for work as a sandhog and, after examination by respondent's physician, was so employed at the regular duties of a sandhog on 28 days between December 10, 1951, and February 12, 1952, earning a total of $721. On the latter date he had to give up work permanently, and it is not disputed that he has since been totally and permanently disabled. His claim against respondent was, however, dismissed on a finding by the board that he had become totally disabled, from silico tuberculosis, before he had begun to work for respondent. That finding was based on the testimony of a specialist called by the board as its impartial examiner. That physician, after examining the X rays of claimant's chest taken at the hospital in March, 1950, gave it as his opinion that claimant at that time was totally disabled, " medically " speaking.

The Appellate Division, treating as one of fact the board's finding that claimant was totally disabled in March, 1950, affirmed the decision. Thus, we have this incongruous result: a worker, when finally laid low by an occupational disease, is denied compensation because he was really, although without his own knowledge, totally disabled long before, even though he continued working at the same hazardous job. We think a proper application of the statutes, to the facts as found, dictates a different result.

The board's fact findings, read against the background of the proof, may be thus summarized: claimant, after being harmfully exposed to dust in the latest as well as in his earlier employments, and having obtained this latest job without willfully or falsely misrepresenting his previous physical condition, was forced, in February, 1952, to leave that employment because of advanced silico tuberculosis, but he had in fact become totally disabled (medically) before beginning to work for this employer in December, 1951.

On its face, the first sentence of section 44-a of the Workmen's Compensation Law (one of a group of enactments in 1947 as to dust disease compensation) applies directly and immediately to this case. The sentence reads: " The employer in whose employment an employee was last exposed to an injurious dust hazard shall be liable for the payments required by this chapter when disability or death of the employee shall be due to silicosis or other dust disease ". Respondent counters with a reference to sections 38 and 42, which say that disablement from an occupational disease shall be treated as the happening of an accident and that " the date of disablement shall be such date as the board may determine on the hearing of the claim." The board, says respondent, has fixed the date of total disablement here, and that is the end of it. We do not think it is as simple as that. Recognizing the " progressive character " and " prevalence  *  *  *  in basic industries " of silicosis (see Govenor Dewey's message, N. Y. Legis. Ann., 1947, p. 211), the Legislature has given unusual care and special treatment to the question of workmen's compensation for sufferers from dust diseases. No compensation at all is payable for partial disability from such ailments (Workmen's Compensation Law, § 39; *Cifolo* v. *General Elec. Co.,* 305 N. Y. 209). When a worker becomes totally unable to work, the compensation is paid in the first instance by his latest employer's insurance carrier but, after 260 weeks, that carrier is reimbursed from a " Special Disability Fund " (Workmen's Compensation Law, § 15, subd. 8, par. [ee]; § 44-a). Tying together those associated enactments, we think that the Legislature meant this: because of the slow and insidious progress of dust diseases, it is impractical or impossible to pay compensation

therefor until disability finally and actually becomes total, but when that time comes, an award must go against the latest employer (or his carrier) with reimbursement to the latter, from a special fund, after five years. Such was the Legislature's method of seeing to it that the worker, when at last he must quit work forever, is not deprived of compensation which, by a rough formula, is charged against the total of insurance carried by all employers in such harmful employments.

In other situations, it may be proper to hold that actual subsequent work does not forbid a finding of earlier total disability. But in silicosis cases, as it seems to us, the Legislature must have intended that no compensation be paid until actual inability to work, and that it then be awarded against the latest employer. Protection to employers against frauds is furnished, to some extent, by section 43 of the act which denies compensation to an employee who, at the time of his employment, '' wilfully and falsely represents in writing that he has not previously suffered from the disease which is the cause of disability or death ''. But, as the board held, section 43 does not apply here, since, although there is some testimony that claimant signed a form in which his previous ailments were omitted from the answers, the board apparently considered that such omission was, if inaccurate, not willfully false. That conclusion of the board was justified on this record since there is nothing to show that claimant, at the end of his 1950 hospitalization, knew or learned any more than that he had '' a touch of silicosis '' and should be X-rayed regularly. Our conclusion is that the board's findings of fact should have led not to a dismissal of the claim, but to an award against these respondents.

The order appealed from should be reversed, with costs in this court and in the Appellate Division, and the matter remitted to the Workmen's Compensation Board with directions to make an award against the respondent herein.

CONWAY, Ch. J., DYE, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur.

Order reversed, etc.