In the Matter of the Claim of KAROL GAJEWSKI, Respondent, against AMERICAN RADIATOR & STANDARD SANITARY CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 23, 1955.

*Frank C. Roberts* and *Emil L. Cohen* for American Radiator & Standard Sanitary Corporation, appellant.

*John M. Cullen* for Special Disability Fund, appellant.

*J. Harry Tiernan* for claimant-respondent.

*Jacob K. Javits, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J.  The question presented by this appeal is to be decided by reading two sections of the Workmen's Compensation Law together.  There is no dispute between the parties about the events which give rise to the controversy.

From 1941 to 1946 claimant worked as a molder for the American Radiator & Standard Sanitary Corporation.  In this work he was exposed to silica dust; and it is conceded that in this exposure he contracted silicosis.  On May 24, 1946, he was transferred to other work by the employer.  He became a trucker and sweeper in a warehouse.  There was thereafter no exposure to silicate dust.

He continued to be employed by the same employer until April 20, 1951, when he became disabled as a result of the silicosis growing from the exposure to silicate dust before May 24, 1946.  He has been given an award by the Workmen's Compensation Board for silicosis as an occupational disease based on its reading of section 40 of the Workmen's Compensation Law.

A special statutory provision sets up a time limit for silicosis and other occupational dust diseases (Workmen's Compensation Law, § 44-a; as added by L. 1947, ch. 431).  This limitation is that the " disability " must occur within two years after " the last injurious exposure " to the dust.

This is different in two important respects from the general time limit for occupational diseases provided under section 40.  Under that section the " disablement " must occur within twelve months after the disease is " contracted ", if in the same or a similar employment.  The time limit for a dust disease is not from the contracting of it but from " injurious exposure ".  The period is two years and not one year between the two events.

The other difference is that section 40 provides that its own specified " time limit " for " contraction " of the disease shall not apply to an employee who " contracted " the disease " in the same employment with the same employer ". No such provision is to be found in section 44-a.

The general time limit set up in section 40 is not applicable to this case. Section 40, as it has been noted, not only starts the time running by the " contraction " of the disease rather than exposure to it; but it expressly states that its extension of the time limit operative in the same employment applies to the time from " the contraction " of the disease " prescribed by this section ".

Section 44-a provides that " Notwithstanding the provisions of section forty " the " employer shall be liable " when the disability results within two years " after the last injurious exposure ". The word " notwithstanding " used with a contextual imposition of liability with a longer time limit, must be read to mean that the Legislature here had in mind creating an exception to the shorter one-year limit between contracting and disability set up in section 40; and was providing the two-year limit between exposure and disability specially for dust diseases.

There is a reason why the two provisions differ in the legislative history of the statute dealing with dust diseases beginning in 1935. (See discussion of the subject in *Matter of Kazia* v. *Woodcrest Constr. Co.*, 282 App. Div. 580.) But if there had been no such history, it is apparent when the two sections are read together, that in dust diseases the two-year period between exposure and disability is controlling and cannot be extended by general resort to the provisions of section 40.

In *Matter of Minchie* v. *Corning Glass Works* (285 App. Div. 1097) the exposure to silica dust continued throughout claimant's employment and came within the period of two years of his disablement; and that consideration was decisive in that case.

The award should be reversed and the claim dismissed, with costs to appellants against the Workmen's Compensation Board.

Coon and Halpern, JJ. (dissenting). We think the case of *Matter of Minchie* v. *Corning Glass Works* (285 App. Div. 1097) is controlling here and that the statements therein with respect to sections 40 and 44-a of the Workmen's Compensation Law correctly interpret the law (cf. *Matter of Dunleavy* v. *Walsh, Connelly, Senior & Palmer*, 309 N. Y. 8). The fact that during

the last years of his employment by the same employer, the claimant in this case had been transferred to a nonexposed job in the same plant is immaterial (*Matter of Kornecki* v. *City of New York,* 285 App. Div. 574). The award should be affirmed.

Foster, P. J., and Zeller, J., concur with Bergan, J.; Coon and Halpern, JJ., dissent.

Award reversed and claim dismissed, with costs to the appellants against the Workmen's Compensation Board.