■ In the Matter of the Claim of JOHN FILIPOWICZ, Respondent, v. DE LAVAL SEPARATOR COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award for total disability as a result of silicosis. It is conceded that claimant has silicosis and is permanently and totally disabled. Appellants claim that there is no proof of injurious exposure in claimant's last employment by the employer. Claimant worked as a molder in the foundry of this same employer for about 27 years until January, 1952, when the foundry closed down. He then went to work as a molder at another foundry for another employer until October, 1953, when this foundry also closed down. He then went back to work for this employer as a trucker in the rubber plant from August, 1954 to September 17, 1958, when he was no longer able to work and became totally disabled. Appellants also argue that claimant had silicosis in 1955, and seem to argue that because of his long exposure as a foundry worker and evidence of silicosis prior to his last employment by this employer, an award against this employer is improper. Of course his long prior exposure to silica dust, or even presence of silicosis medically, does not prevent an award against the employer herein, the last employer. (*Matter of Dunleavy* v. *Walsh, Connelly, Senior & Palmer*, 309 N. Y. 8; *Matter of Edwards* v. *Catapano & Grow Constr. Co.*, 15 A D 2d 843.) Hence the only question is whether there was harmful exposure in claimant's last employment by the appellant employer. As a trucker in the rubber plant claimant operated a fork lift truck throughout the entire plant transporting sheets of rubber and other materials to various locations. Claimant testified that he applied talc to the sheets of rubber to keep them from sticking. He applied it with his hands and got talc all over his clothes and in his hair. Other employees forced talc through rubber tubing with compressed air. It appears that the floor was covered with talc, and two employees were engaged continuously to vacuum the floor to clean up the talc as fast as possible. From a chemical analysis submitted it appears that powdered talc is a "finely powdered hydrous magnesium silicate containing 47.70% silica with small percentages of other materials". Although this is not free silica, there is adequate evidence of causal relation between claimant's exposure at the rubber plant and his condition when he finally became disabled. The board could

find on this record that claimant was exposed to an injurious dust hazard during his last employment with this employer, and became disabled in 1958. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.