In the Matter of the Claim of FRANK WALKER, Respondent, v CORINNO CIVETTA CONSTRUCTION CORPORATION et al., Appellants, and URBAN FOUNDATION COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.— Mahoney, P. J.

Claimant, an asbestos worker for 38 years, filed a claim for workers' compensation on June 18, 1985 against Corinno Civetta Construction Corporation (hereinafter Corinno) alleging that his injury was "occupational lung condition, silicosis". Corinno's workers' compensation insurance carrier controverted the claim. Between the date of filing and March 1986 claimant could not work because of disability related to his lung condition. In March 1986, he returned to work for Urban Foundation Company, Inc. (hereinafter Urban) but had to stop after three weeks due to his physical condition. By decision filed December 17, 1986, before claimant filed a workers' compensation claim against Urban, the case against Corinno was established for occupational disease, notice and causal

relationship for silicosis, and an award was issued at a temporary rate of $150 per week.

Thereafter, claimant filed a claim, dated January 8, 1987, against Urban. This claim was submitted with a letter which requested, *inter alia,* that the claim against Corinno "travel with this newly filed claim * * * so that outstanding issues may be considered as expeditiously as possible". On January 14, 1988, the Workers' Compensation Law Judge (hereinafter WCLJ) filed decisions on both claims finding that liability for claimant's occupational disease of silicosis was solely the responsibility of Urban and its carrier. The WCLJ closed the case against Corinno, rescinded the prior award and directed Urban's carrier to reimburse Corinno's carrier. Claimant was classified as permanently disabled and an award at $300 per week from March 21, 1986 to December 9, 1987, continuous thereafter, was established.

Urban's carrier applied for review of these decisions, contending that the WCLJ incorrectly disturbed the established case against Corinno and that there should be an apportionment of its liability for the awards subsequent to March 1986. The Workers' Compensation Board, by decision dated October 7, 1988, agreed that Corinno should not have been relieved of liability for the pre-March 1986 awards and denied any apportionment claim. Accordingly, the Board rescinded the WCLJ's decision exonerating Corinno from liability but affirmed the other decision. This appeal by Corinno ensued.

The record contains two independent disability claims, the first of which was against Corinno and was accompanied by strong, uncontradicted medical evidence of an established condition of silicosis before the second claim against Urban was filed. Clearly, claimant was disabled due to silicosis when he left work with Corinno in June 1985. The medical proof supports claimant's testimony that his physician advised him to leave his employment with Corinno because he was suffering from pulmonary silicosis. When this proof is juxtaposed to the provisions of Workers' Compensation Law § 44-a, which provides that "[t]he employer in whose employment an employee was last exposed to an injurious dust hazard shall be liable for the payments required by this chapter when disability or death of the employee shall be due to silicosis or other dust disease", it becomes clear that the Board was correct in fixing June 1985 as a disabling date, some nine months before claimant briefly resumed employment with Urban *(see, Matter of Ryciak v Eastern Precision Resistor,* 12 NY2d 29; *Matter of Zambrona v Renell Bake Shop,* 34 AD2d 707).

Corinno's reliance upon *Matter of Dunleavy v Walsh, Connelly, Senior & Palmer* (309 NY 8) in support of its position that Workers' Compensation Law § 44-a requires that no compensation be paid until there is actual inability to work and then liability should attach to the last employer is misplaced. The question in *Dunleavy* was whether a worker's claim for total disability from silicosis should be denied as against his latest employer in a dust-exposure employment because of expert testimony that he had become, medically, totally disabled while working for a different employer at an earlier time. That is the identical question before us for resolution. However, here, unlike in *Dunleavy,* claimant testified that he was told by his physician when he stopped working for Corinno in June 1985 that he had silicosis and that he was advised "not to go back into that dust". In *Dunleavy,* unlike here, total disability from silicosis was not medically established until claimant was working for his second employer. In that case the court concluded that the "latest" was the "last" employer. It therefore follows, and we are of the view, that the Board's decision that at the time the compensation claim was filed, Corinno was the employer in whose employ claimant was exposed to hazards causative of silicosis has a rational basis and is supported by substantial evidence.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.