INGE R. TROTTA *vs.*

GENERAL ELECTRIC CO.—WIRING DEVICE DIVISION.

JULY 31, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an original petition for compensation brought under general laws 1938, chapter 300, as amended. After a hearing before a single commissioner of the workmen's compensation commission, a decree was entered awarding compensation to the employee. The respondent appealed therefrom to the full commission which entered a decree affirming the decree of the single commissioner. The case is before us on the appeal of the respondent from such decree and also on an appeal filed by the petitioner to certain portions of the decree.

The instant petition is based on an injury which the employee claims she sustained on February 28, 1956 while employed by respondent. She alleges that while working on a foot press on that day she felt severe pains in her lower back radiating down both legs. The petitioner describes the character and extent of her injury as a low back strain and an aggravation of a previous condition.

This case was heard before the workmen's compensation commission together with the case of *Trotta* v. *Brown & Sharpe Mfg. Co.*, 86 R. I., 247, the opinion in which has been filed this day. From a decree of the full commission in each case affirming the decree of the single commissioner each party claimed an appeal to this court. The cases were argued together before us, but since they involve different employers and different issues, we have treated them separately.

The issues raised in the instant petition are based substantially on the same facts set forth in *Trotta* v. *Brown & Sharpe Mfg. Co., supra,* to which reference is hereby made insofar as the pertinent facts are concerned.

After the hearing a decree was entered by the single commissioner which contained findings of fact to the effect that petitioner sustained an injury on February 28, 1956 while employed by respondent; that as a result of said injury she was totally disabled since February 29, 1956; and that her average weekly wage at the time of the injury was $57.95. The decree further provided that respondent pay to petitioner weekly compensation for total incapacity commencing February 29, 1956; that it pay the reasonable charges for medical and hospital services rendered to her; and paragraph 3 thereof ordered respondent to pay Dr. Donald F. Larkin the sum of $50 as a witness fee. On appeal, the full commission affirmed the decree of the single commissioner.

The reasons of appeal filed by petitioner in effect state that the decree is against the law, the evidence and the weight thereof and that it is not supported by the evidence. The respondent filed five reasons of appeal. The first three reasons in effect state that the decree is against the law, the evidence and the weight thereof. The fourth reason states specifically that there is no legal evidence which supports the commissioner's finding that respondent is solely and wholly liable for the payment of workmen's compensation to petitioner. The remaining reason of appeal, having been neither briefed nor argued, is deemed to be waived.

Under the fourth reason of appeal respondent contends that when a single disability is due to several injuries sustained in the employ of different employers, the employee's compensation should be apportioned between those employers and not charged entirely to one employer. The petitioner joins with respondent in this contention. They concede that there is no specific statutory authority provid-

ing for such apportionment, but they argue that such a result should be based upon principles of equity and that this court has such authority under its general jurisdiction.

However, inasmuch as it has been determined in the case of *Trotta* v. *Brown & Sharpe Mfg. Co., supra,* that since February 28, 1956 petitioner has not been incapacitated by reason of any effects of the injury sustained by her on May 6, 1953 while in the employ of the respondent in that case, we do not deem it necessary to consider the issue of apportionment in the instant case.

After a careful reading of the record it is our opinion that there is evidence to support the findings of fact made by the single commissioner and affirmed by the full commission that the incapacity of petitioner sustained while working for the instant respondent was not due to a recurrence of the injury sustained on May 6, 1953 while employed at Brown & Sharpe Manufacturing Company, and that in fact she sustained a new injury on February 28, 1956 while employed by the respondent here. This being true, since no fraud is claimed, such findings are conclusive and we cannot disturb them. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335, 116 A. 2d 181.

The petitioner further contends that the word "costs" as used in public laws 1954, chap. 3297, art. III, sec. 5, should be construed to include expenditures for fees for expert medical witnesses as well as fees for legal services where such services are required to prosecute petitions in workmen's compensation cases. However, since there is nothing in the instant record showing that the question of counsel fees was in issue before the single commissioner or that any ruling thereon had been made, such issue is not properly before us at this time.

On the other hand the respondent contends that the workmen's compensation commission is without jurisdiction to award as costs of the prevailing party the fee of an expert

medical witness, namely, to petitioner's attending physician, such as was done in the instant case by the final decree affirming the decree of the single commissioner. This question was before us in *Lambert* v. *First National Stores, Inc.,* 85 R. I. 365, 131 A. 2d 811. In that case we held that in amending G. L. 1938, chap. 300, art. III, §6, by P. L. 1954, chap. 3297, art. III, sec. 5, the general assembly had omitted the express language upon which our decision in *Egan* v. *Walsh-Kaiser Co.,* 73 R. I. 399, was based, and that without those words or their equivalent there is no provision in the act to authorize as part of the costs payment of a fee for an expert medical witness. The commission, therefore, erred in ordering such payment.

The petitioner's appeal is denied and dismissed. The respondent's appeal is sustained as to the allowance of the fee of the expert medical witness, otherwise the decree is affirmed, and the cause is remanded to the workmen's compensation commission for entry of a new decree in accordance with this opinion and for further proceedings.

*John Quattrocchi, Jr.,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, John T. Keenan,* for respondent.