226 A.2d 692.

Anthony Ricci *vs.* John J. Hall, *Director of Labor, as Adm'r of the Second Injury Indemnity Fund, et al.*

FEBRUARY 23, 1967.

Present: Roberts, C. J., Paolino, Powers, Joslin, Kelleher, JJ.

Roberts, C. J. This is a petition for payment of compensation for total incapacity from the second injury indemnity fund, so called, pursuant to the provisions of G. L. 1956, §28-37-8. The petition was heard by a trial commissioner, who thereafter entered a decree ordering payment from the said fund pursuant to the statute. After hearing on the respondents' appeal, the full commission entered a decree affirming that of the trial commissioner, and the respondents are prosecuting an appeal therefrom to this court.

The record discloses that petitioner was injured on September 19, 1947, filed his original petition for compensation, and a hearing was held. As a result thereof a decree was entered on November 29, 1955 wherein it was found that he had been injured in the course of his employment, that the injury was multiple sclerosis, and that he was totally incapacitated as a result thereof. No appeal was taken by the employer from this decree of the commission.

It is not disputed that petitioner was paid compensation for total incapacity pursuant to the decree of November 29, 1955 until August 24, 1965, when the maximum period for payment of such compensation terminated. The petitioner then applied to respondents for payments under said §28-37-8, and his entitlement to such payments was questioned by respondents. The petitioner thereupon filed the instant petition for payment of compensation from that fund.

The respondents at the hearing before the trial commissioner sought to establish that there was no causal connection between the injury sustained by petitioner in 1947 and the multiple sclerosis which, it is conceded, now totally incapacitates him. The petitioner objected to the admission of such evidence, arguing that the question of causation is not in issue because the unappealed decree of 1955 was res judicata on the issue of causation. This view, accepted by the trial commissioner, was ultimately accepted by the full commission.

The commission, in holding that the doctrine of res judicata applied in the instant case, relied on *Card* v. *Lloyd Manufacturing Co.*, 82 R. I. 182, in which case the dependent widow of a deceased employee sought to obtain death benefits under the provisions of P. L. 1942, chap. 1246, now G. L. 1956, §28-33-12. The applicability of the doctrine of res judicata to the determination of causation in the original injury and incapacity was challenged in that case on the ground that the claim of a deceased employee's dependent for death benefits created a new and independent

cause of action in the dependent and, therefore, the determination of causation as to the employee's injury would not be res judicata thereof. The court rejected this view and held that the right of the injured employee and the right of the dependent were not so separate and distinct as to constitute separate causes of action. At page 186 of the opinion we said: "On the contrary, while the rights to receive compensation are different they are based upon one and the same cause of action, namely, the sustaining by the employee of a compensable injury."

The reasoning of the court in the *Card* case makes even a stronger case for holding that the doctrine of res judicata has application in the instant case. The statute under consideration in the instant case provides that in addition to other payments authorized to be made from the second injury indemnity fund "payments from the fund shall be made for the continuance of compensation and medical expenses at his or her prevailing rate to any employee who subsequent to January 1, 1940 has suffered an injury resulting in his receiving compensation payments for total incapacity and such incapacity has continued or will continue beyond the maximum period of payment for total incapacity provided under chapters 29 to 38, inclusive, of this title. Such payments for continuing total incapacity shall be made from the fund until the employee's total incapacity has ended or until his death * * *." In other words, the mandate of the statute is to make payments to the injured employee when his total incapacity continues beyond the maximum period for payments of compensation for total incapacity prescribed in the act. In this respect it differs materially from the claim of dependents of a deceased employee. We are unable to agree that any distinct or independent right is involved here.

It is clear from the terms of the statute that the legislature did not intend to confer any new right upon the injured employee but rather intended to extend the time for pay-

ment of compensation for total incapacity where such incapacity continued beyond the maximum period established by the act. This extension raises no question of causation in our opinion. Obviously respondent administrator of the fund may at any time raise the question of whether the total incapacity has ended or diminished, but it is our conclusion that we would be straining at the legislative intent to hold that the extension of time for payment provided by the statute created a new right in the injured employee of such character as to warrant a determination on the issue of causation.

It is true, as respondents argue, that in *Koshgarian* v. *Hawksley*, 90 R. I. 293, this court held that the legislation establishing the second injury fund created a right that had not theretofore existed. The precise language of the court was that P. L. 1943, chap. 1363, which originally established the second injury fund, created such new right. An examination of the record, however, discloses that the provision now contained in §28-37-8 extending the time for payment for compensation for total incapacity was not contained in the act as originally enacted. This provision was added by P. L. 1954, chap. 3297. Consequently, for purposes of determining the legislative intent, we must recognize the separate character of provisions added by the enactment of chap. 3297, particularly of its extension of the time for payment as applying to a right existing in the employee.

The respondents contend also that the commission erred in awarding this injured employee "reasonable medical and allied attention and treatment as defined in the Act which are necessary in order to cure, relieve, or rehabilitate such petitioner from the effects of such injury, condition or disease even though such charges shall exceed the medical maximum set forth in section 28-33-5." The respondents argue that the statute in effect at the time this employee was injured provided only for an award of medical expenses

in excess of the maximum when such services were "necessary to effect cure or rehabilitation of the injured employee * * *." The statute at that time, P. L. 1942, chap. 1226, did not provide for the payment in excess of the maximum for expenditures designed to "relieve" the injured employee.

However, the petitioner conceded in this court that the word "relieve" set out in the decree with reference to medical expenses was improperly included therein and should be stricken from the decree. In this circumstance there is no issue raised before us for our decision and determination.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*John Quattrocchi, Jr.,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Special Assistant Attorney General, for Director of Labor.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* for respondent The Aetna Casualty and Surety Company.