230 A.2d.250.
ARISTIDES CABRAL *vs.* JOHN J. HALL, *Director of Labor, Adm'r of the Second Injury Indemnity Fund.*

JUNE 8, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition in which the employee seeks to charge the second injury indemnity fund, hereinafter called "the fund," with necessary medical expenses in excess of the stipulated medical maxima. A trial commissioner found that the employee was in need of reasonable medical and related services in order to cure, rehabilitate or relieve him from the effects of a compensable injury, and he directed the employer to furnish the following services for the next three years and to pay the following charges therefor: $30 a week for nursing services, not exceeding $500 annually for medicine and medications, and a sum not in excess of $225 annually for physicians. The decree also directed the director of labor in his capacity as administrator of the fund, hereinafter referred to as "the director," to reimburse the employer's insurer for such payments out of

the fund as provided for by G. L. 1956, §28-37-9, as amended. The case is here on the appeals of both the director and the employee from a decree of the full commission affirming the findings of fact and the orders contained in the decree of the trial commissioner.

The facts material to a disposition of the appeal are that petitioner sustained a compensable injury on October 1, 1956, as a result of which he has since January 10, 1957, been paralyzed from the waist down, confined to a wheelchair, and completely dependent upon the assistance and help of others for most of his needs. Such assistance, heretofore provided without charge, came first from various members of his family and since April 1965 exclusively from his wife who, in order to minister to her husband, gave up her employment and devoted her full time to his care. The employer's insurer has paid petitioner weekly benefits for total incapacity for the maximum number of weeks required by the act. Thereafter, as provided for by §28-37-8, it entered into an agreement with the employee and the fund, and pursuant to that agreement it is presently being reimbursed by the fund for the benefits currently paid.

In this proceeding the director concedes that the fund is responsible for expenditures for medications and physicians' services not exceeding the limits fixed by the decree. He appeals, however, from that part of the decree which awards $30 a week to the wife for nursing services. While he does not challenge either the necessity for those services or the reasonableness of the amount ordered to be paid to the wife for providing them, he does question whether the fund is chargeable with their payment. The answer to his question is found in the construction of §28-37-8. In pertinent part it reads:

"In addition to any other payments authorized to be made from the fund established under §28-37-1, payments from the fund shall be made *for the continuance of compensation and medical expenses at his or her prevailing rate* to any employee who subsequent to January 1, 1940 has suffered an injury resulting in his receiving compensation payments for total incapacity and such incapacity has continued or will continue beyond the maximum period of payment for total incapacity provided under chapters 29 to 38, inclusive, of this title." (italics ours)

The director urges the view, and he resorts to the schoolboy exercise of parsing in an attempt to substantiate his position, that the pertinent statutory language taken in syntax and construed grammatically yields a precise, plain and clear meaning which neither requires nor permits construction. The language he refers to is "* * * for the continuance of compensation and medical expenses at his or her prevailing rate * * *." He reads that language literally and argues that it does not permit reimbursement for "new" medical expenses, that is to say, expenses which were not being paid by the employer for the benefit of a totally incapacitated employee at the time he became eligible to claim from the fund. We reject that argument because in our judgment a literal reading, though presumptively giving the correct sense of a statute, *Lake County* v. *Rollins*, 130 U. S. 662, 32 L.Ed. 1060, 9 S. Ct. 651, *State* v. *Minneapolis Milk Co.*, 124 Minn. 34, 144 N.W. 417, may and should be ignored if it does not convey a sensible meaning, *Deignan* v. *Cowan Plastic Products Corp.*, 99 R. I. 193, 206 A.2d 534, *Genereux* v. *Pelosi*, 96 R. I. 452, 192 A.2d 630, or where it contradicts and defeats an evident legislative purpose. *Mason* v. *Bowerman Bros., Inc.*, 95 R. I. 425, 187 A.2d 772; *O'Brien* v. *Waterman*, 91 R. I. 374, 163 A.2d 31.

As originally enacted §28-37-8 provided "for the continuance of compensation at his or her prevailing rate * * *."[1]

---

[1] P. L. 1951, chap. 2726, sec. 1.

Reimbursement for medical expenses was not authorized until 1954. In that year the phrase "and medical expenses" was inserted and that section was amended to read, as it does now, "for the continuance of compensation *and medical expenses* at his or her prevailing rate."[2] (italics ours)

The obvious purpose motivating the 1951 enactment was "* * * to extend the time for payment of compensation for total incapacity where such incapacity continued beyond the maximum period established by the act." *Ricci* v. *Hall,* 101 R. I. 677, 226 A.2d 692. The equally obvious purpose of the 1954 enactment was to add medical services to the benefits previously authorized in the 1951 act. Together the 1951 and 1954 enactments contemplated that the fund would become responsible for weekly compensation and medical benefits for an injured employee once the employer's liability therefor had terminated. *Brothers* v. *James S. Cassedy, Inc.,* 101 R. I. 307, 222 A.2d 363, and where the maximum period for the payment of benefits prescribed by the act had elapsed. *Ricci* v. *Hall, supra.*

A literal interpretation of the statute makes a full attainment of those objectives impossible. Eligibility for medical benefits would hinge on whether an employer had supplied medical services prior to the time the employee executed a second injury fund agreement. It would deny petitioner, a totally incapacitated employee, the opportunity to be reimbursed for the cost of medical services, not because of an inability to demonstrate a need for their rehabilitative, curative or palliative effects, but solely for the happenstance that prior to the filing of his petition the cost of those services, instead of being charged against the employer as they could have been, had been furnished for almost a decade without financial reward by members of petitioner's family.

---

[2] P. L. 1954, chap. 3297, sec. 1.

The director's theory turns on the date an employee exhausts his maximum weekly compensation benefits under the act. If on the day preceding, his employer had been directed to pay the cost of medical benefits, the fund would then be chargeable with those costs because they would be in *continuation* of services *at a prevailing rate*. If, however, the employee had waited until the day following, the fund would escape responsibility because in that instance it would be impossible *to continue* paying for services *at a prevailing rate* where no prior payment had been made. Such a theory discriminates without a basis in reason or common sense. It defeats and runs counter to an obvious legislative purpose. It fails to recognize that the legislative error was in syntax and that the language in question which textually reads "for the continuance of compensation *and medical expenses* at his or her prevailing rate" (italics ours) was intended to read "for the continuation of compensation at his or her prevailing rate *and medical expenses.*" The error consisted of the improper placement of the phrase *"and medical expenses."* Such a mistake should not be permitted to defeat an obvious and evident legislative purpose. In the circumstances, we disregard the collocation of the words and rearrange them. We read the language not as it was written, but as it was intended to be read. *Costanzo* v. *Tillinghast,* 287 U. S. 341, 77 L. Ed. 350, 53 S. Ct. 152; *Belk Bros. Co.* v. *Maxwell,* 215 N.C. 10, 200 S.E. 915. See also: *Poirier* v. *Martineau,* 86 R. I. 473, 136 A.2d 814. So read, the fund is chargeable with reimbursing the employer's insurer for nursing services.

We turn now to the employee's appeal. He claims error in the failure of the full commission to include in its decree an award of counsel fees as required by §28-35-32, as amended. That issue was neither raised nor ruled upon by the trial commissioner or by the full commission. It cannot be raised for the first time in this court. *Trotta* v. *General*

*Electric Co.*, 86 R. I. 254, 134 A.2d 177; *Armour & Co.* v. *Greco*, 95 R. I. 149, 185 A.2d 98. The employee, however, is not precluded from moving in the manner established by our Provisional Order No. 5 for an award of fees for the services performed by his counsel in this court. *Gomes* v. *Bristol Mfg. Co.*, 95 R. I. 126, 184 A.2d 787.

The appeals of both the petitioner and the respondent are denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Hogan & Hogan, Thomas S. Hogan,* for petitioner.

*Herbert F. DeSimone,* Attorney General, *Charles G. Edwards, Joseph L. Breen,* Special Assistant Attorneys General, for respondent.