(No. 56902.—

QUINCY BROWN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Ferris Steel Company, Appellee).

*Opinion filed May 18, 1983.*

Quincy Brown, of Chicago, *pro se.*

Van Duzer, Gershon, Jordan & Petersen, of Chicago (Horace W. Jordan and Garry J. Giertuga, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

The Industrial Commission awarded petitioner, Quincy Brown, compensation for the permanent loss of the use of 15% of his left foot for injuries sustained while in the employ of respondent, Ferris Steel Company. Petitioner subsequently filed a petition for review of the award under section 19(h) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(h)), and the Industrial Commission found that petitioner had permanently lost 25% of the use of his left leg. Petitioner filed a second 19(h) petition, and following a hearing the Industrial Commission increased the award to 55%. On *certiorari* to the circuit court of Cook County, the Commission's decision was confirmed. Petitioner appealed to this court. 87 Ill. 2d R. 302(a).

The medical testimony adduced at the hearing on the second 19(h) petition was conflicting, and pursuant to section 19(c) of the Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(c)), the Commission ordered an impartial medical examination. Dr. Irwin Rich examined petitioner, and in his evidence deposition testified concerning findings made during his examination.

Although there is no such statement in Dr. Rich's deposition and the record contains no report from him, the Commission's decision states:

"Dr. Rich's impression was that Petitioner had a nonfunctioning triceps muscle of the left calf following laceration of the achilles tendon, with secondary atrophy of calf muscles, stiffness of ankle, and reflex sympathetic

dystrophy of the left foot. Dr. Rich stated Petitioner was permanently disabled from work requiring anything but minimal standing and walking, and that Petitioner cannot climb, squat, kneel, run, or walk briskly."

The Industrial Commission found that petitioner's disability in his left ankle had increased to 55%. The Commission, citing *A.M.T.C. of Illinois, Inc. v. Industrial Com.* (1979), 77 Ill. 2d 482, ruled that since petitioner admitted that he had not looked for work and had failed to demonstrate that work was not available for someone with his disability, petitioner "failed to prove he was unable to return to work." Noting that Dr. Rich had indicated that petitioner could perform some type of sedentary labor, the Commission declined to award petitioner permanent and total disability.

Petitioner's *pro se* brief is somewhat unusual in form. Petitioner presents the issues for review as follows:

"Complete industrial loss of left foot.
Disfigurement of left leg.
Triple benefits."

Although these issues, as presented, are somewhat vague, reference to the record in this case, and particularly petitioner's *pro se* arguments before the circuit court, clarifies the legal arguments which petitioner is apparently attempting to present to this court.

Petitioner's notice of appeal indicates that petitioner wishes to be excepted from "making a reasonable effort of looking for work for which I may be able to do." The notice of appeal also indicates that petitioner is seeking an award for the "complete industrial loss of left foot." The report of proceedings before the circuit court indicates that petitioner is not contending that the finding that he had lost 55% of the use of his left leg was against the manifest weight of the evidence. Rather, petitioner's contention is that a laborer who is 55% disabled should be classified as unemployable. The problem, however, as noted by the Industrial Commission, is not whether petitioner is able to

find work as a laborer, but whether petitioner proved that "no employment is available for a person with his disability." (*Intercraft Industries Corp. v. Industrial Com.* (1983), 95 Ill. 2d 297, 300.) The only situation where a petitioner is excused from showing his unemployability is where it is obvious that the claimant's injury renders him unemployable. (95 Ill. 2d 297, 300.) This record does not demonstrate petitioner's obvious unemployability.

Petitioner also asks for "triple benefits." Petitioner cites no statutory authority providing for "triple benefits," and we are not aware of any such remedy. Also, we are unable to determine how any issue concerning "disfigurement" arises from the facts of this case.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*