LLOYD SMITH, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (The City of Chicago, Appellee).

First District (Industrial Commission Division)   No. 1—84—0381WC

Opinion filed May 23, 1984.—Rehearing denied July 27, 1984.

J. Michael Madda, of Chicago (John E. Flavin, of counsel), for appellant.

Vincent J. Getzendanner, Jr., of Chicago, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The claimant, Lloyd Smith, applied for a workers' compensation award for injuries incurred while lifting a garbage can in the course of his duties for the city of Chicago, Bureau of Sanitation. On August 21, 1978, the arbitrator found that the injury arose out of and in the course of his employment and that the claimant sustained temporary total disability for a period of 76²/₇ weeks. The question of permanent disability was reserved. No review of the award of temporary total disability was sought.

On August 28, 1980, the arbitrator took additional evidence and found that Smith had sustained complete and permanent disability and awarded compensation for life. On review the Industrial Commis-

sion found that no permanent disability had been proved, and denied further compensation. The circuit court confirmed the decision of the Commission. Smith appeals, contending that the decision of the Commission is against the manifest weight of the evidence.

The original finding of temporary disability rendered August 21, 1978, was based on evidence that Smith, who was working as a garbage collector for the city, experienced a pain in his lower back, right side, neck, and right shoulder while lifting a can of garbage onto a sanitation truck on March 1, 1977. Smith's right leg also became swollen. Thereafter, Smith was treated by various doctors, including treatment for high blood pressure and "statis dermititus," neither connected to the accident. He was given physical therapy, pain medication, massages, and heat treatments. He also was hospitalized for five days. As of February 1978, Smith was still under doctor's care and continued to have pain in the affected areas and swelling in his right leg and knee. Smith, who had been wearing a back brace since 1972, wore a larger brace after the instant accident. As of April 1978, Smith had not worked anywhere since the accident.

One of the doctors who examined Smith, Dr. Hyman Hirshfield, found osteoarthritic spurring of Smith's cervical, dorsal, and lumbosacral spine, a narrowing of the disc space between several vertebrae, herniated disc syndrome in Smith's lumbar area, spondylolisthesis in Smith's lumbosacral spine, a sprain injury to Smith's neck and upper and middle back muscles, with inflammation of these muscles, and strain and nerve inflammation in Smith's lower back. Hirshfield believed that Smith's condition was permanent and concluded that he should refrain from heavy lifting and other strenuous activities. Another physician who examined Smith, Dr. Audley Loughran, found tenderness in Smith's lower back. Loughran concluded that Smith had degenerative arthritis and disc disease in the lumbar and cervical spine, but no primary hip disease, no significant muscle disease, no spinal nerve problem, and no sacroiliac irritation. While noting that further testing would be appropriate, Loughran concluded that Smith could return to his prior job.

A third examining physician, Dr. E. H. Tannehill, found some spurring of the cervical vertebrae, with few other objective findings, and considered Smith to be capable of returning to work.

In the subsequent proceedings, the arbitrator found Smith to be totally and permanently disabled based on two reports of Smith's treating physician, Dr. John Froiland. These reports, based on examinations of Smith on November 2, 1979, and February 4, 1980, stated that Smith had increased blood pressure, arthritis of the neck and

right shoulder, and lumbar spondylolysis with pain in the back and leg from bone disease. In Froiland's opinion, Smith was "permanently disabled for heavy duty and anything except a desk job."

On review by the Commission, the city introduced a report by Dr. Loughran, detailing his findings after an examination of Smith on March 23, 1981. As before, Loughran noted tenderness in Smith's neck and upper back on the right side and a limitation in Smith's neck motion and ability to bend. There was some difference in the degree of limitation. Recent X rays revealed degenerative arthritis and disc disease in the cervical spine, mild degenerative changes in the dorsal spine, and degenerative arthritis and a spondylolisthesis in the lumbar spine. While not identical, these findings were similar to those in Loughran's prior report. The Commission determined that Smith had failed to prove that he was permanently disabled.

Smith did not testify at the second hearing before the arbitrator or before the Commission.

■ We conclude that the determination of the Commission is not contrary to the manifest weight of the evidence.

■ ■ Proof of total and permanent disability requires evidence that the employee is unable to perform services except those for which there is no reasonably stable market; an award of compensation is not justified if the person can perform some type of regular employment. (*A.M.T.C. of Illinois, Inc. v. Industrial Com.* (1979), 77 Ill. 2d 482, 489.) While Smith had back problems, arthritis, and "increased" blood pressure, there is no indication that these ailments so restrict Smith's activities as to prevent him from performing any regular and useful services. Smith's inability to resume his former employment duties does not render him totally and permanently disabled. (77 Ill. 2d 482, 490.) Significantly, claimant's own treating physician believed that he could perform a desk job. Where, as here, the claimant is not obviously unemployable and there is no medical evidence to support the claim of total disability, the claimant has the burden of proving that no employment is available for a person in his or her circumstances. (*Intercraft Industries Corp. v. Industrial Com.* (1983), 95 Ill. 2d 297, 300; *Valley Mould & Iron Co. v. Industrial Com.* (1981), 84 Ill. 2d 538, 546-47.) While there is no evidence that Smith has returned to work, there also is no indication of any attempt on his part to find suitable work. In light of these circumstances, Smith has not demonstrated that he is totally and permanently disabled. *Intercraft Industries Corp. v. Industrial Com.* (1983), 95 Ill. 2d 297, 300-01.

■ Contrary to Smith's argument, his failure to testify as to

whether he was working or looking for work is significant. One way to sustain his burden of proving that no employment is available to him is to show an unsuccessful search for suitable work. (*A.M.T.C. of Illinois, Inc. v. Industrial Com.* (1979), 77 Ill. 2d 482, 490.) Consequently, Smith's failure to testify as to his current employment status or work search results in a lack of proof as to an element necessary to establish Smith's claim.

Smith suggests that the fact that Dr. Loughran's report failed to state that Smith could return to work should be taken as "negative evidence" that he could not do so. Negative inferences may be drawn from silence where the circumstances are such as to not only afford an opportunity to speak, but also naturally and properly call for speech. (*Dill v. Widman* (1952), 413 Ill. 448, 454; E. Cleary & M. Graham, Illinois Evidence sec. 802.7 (3d ed. 1979).) However, these criteria are not met here. As it is the province of the Industrial Commission to determine the extent of a claimant's disability, it is not necessary for a medical expert to express an opinion as to whether the claimant is able to return to work. See *Page Enterprises, Inc. v. Industrial Com.* (1980), 78 Ill. 2d 287, 290.

The claimant has also placed considerable emphasis on the fact that the city failed to appeal the August 1978 decision of the arbitrator, arguing that this is a conclusive finding that the disabling condition resulted from a March 1, 1977, accident. Undoubtedly, the arbitrator's initial decision is *res judicata* as to all questions within the purview of the original proceeding. (*Hughey v. Industrial Com.* (1979), 76 Ill. 2d 577; see Ill. Rev. Stat. 1983, ch. 48, par. 138.19(b).) However, while the temporary disability award is conclusive as to issues such as causation, employment relationship, and temporary disability, the ruling does not preclude a later determination of the claimant's entitlement to permanent disability and is not conclusive of questions as to the nature and extent of the disability. (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(b).) An award of temporary disability is designed to provide some compensation to an employee even though the extent or permanency of his or her disability cannot then be ascertained. (See Ill. Rev. Stat. 1983, ch. 48, par. 138.19(b).) The Commission is entitled to reassess the permanency of the disability, and, in doing so, is not bound by the arbitrator's finding that the disability was permanent. See *Wirth v. Industrial Com.* (1976), 63 Ill. 2d 237; *Leason v. Industrial Com.* (1973), 55 Ill. 2d 486; *Quick v. Industrial Com.* (1972), 53 Ill. 2d 46.

Because of the different standards involved in assessing permanent as opposed to temporary disability, the Commission also was en-

titled to reach a conclusion concerning permanent disability which was different from that reached with regard to temporary disability, based on the factors which we have indicated.

The decision of the circuit court of Cook County confirming the decision of the Industrial Commission is therefore affirmed.

Affirmed.

McNAMARA, BARRY, WEBBER, and KASSERMAN, JJ., concur.