Argued and submitted May 1, affirmed December 23, 1992, reconsideration denied May 26, petition for review pending 1993

In the Matter of the Compensation of
Merlyn G. Johnsen, Claimant.

Merlyn G. JOHNSEN,
*Petitioner,*

*v.*

BEACON ELECTRIC/HAMILTON ELECTRIC
and SAIF Corporation,
*Respondents.*

(89-17994; CA A70709)

843 P2d 1008

David C. Force, Salem, argued the cause for petitioner. With him on the brief was Vick & Gutzler, Salem.

Julie K. Bolt, Special Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board order holding that his occupational disease claim is precluded by an earlier determination denying an earlier claim. We agree with the Board and affirm.

The Board found that claimant has been employed as an electrician by the same employer since the 1950's, when employer's name was Hamilton Electric Company. It also found that, some time before 1983, Hamilton changed its name to Beacon Electric. In 1983, claimant filed an occupational disease claim against Hamilton, contending that exposure to asbestos in the 1950's and 1960's had caused a compensable lung condition. The claim was denied by SAIF. The denial was upheld by the referee and the Board and ultimately by this court on *de novo* review, on the basis that claimant's lung condition was not symptomatic and required only annual medical monitoring, not treatment. *Johnsen v. Hamilton Electric*, 90 Or App 161, 165, 751 P2d 246 (1988).

In this claim against Beacon, filed in 1988, claimant alleges that he was exposed to asbestos on the job in 1984, while the first claim was pending. He assigns error to the Board's holding that the 1988 claim is barred. First, he argues that the evidence does not support the Board's statement that Beacon and Hamilton are the same employer.

Whether or not the employers are different, the claim is barred by issue preclusion if the exposures and conditions are the same as those considered in the earlier claim. In our *de novo* review of the earlier claim, we reviewed medical reports from 1986 that presumably had considered claimant's 1984 exposure to asbestos, and we found that he did not have a compensable condition. The Board found that the condition for which claimant now seeks compensation was caused by claimant's employment exposures to asbestos in the 1950's and 1960's and that it is the same condition and exposures for which he sought compensation in the first claim. Substantial evidence supports those findings. Claimant does not contend that his condition is any different now than it was at the time of the hearing on the first claim. We agree with the Board that the claim is barred.

We reject claimant's contention that changes in the occupational disease law necessitate a different analysis of this claim than was made on the 1983 claim.

Affirmed.