**Charla COOPER, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Sunny Acres Villa, Inc., Respondents.**

**No. 98CA1343.**

Colorado Court of Appeals, Div. I.

Oct. 28, 1999.*

Certiorari Granted April 24, 2000.

* Prior opinion announced March 18, 1999, *WITH-*       *DRAWN.* Petition for Rehearing *GRANTED.*

Susan D. Phillips, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Ritsema & Lyon, P.C., Susan K. Reeves, Colorado Springs, Colorado, for Respondent Sunny Acres Villa, Inc.

Opinion by Judge CASEBOLT.

Charla Cooper (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) denying her request for permanent total disability (PTD) benefits from Sunny Acres Villa, Inc. (employer). We set aside the order and remand for further proceedings.

While working for employer in 1992, claimant hit her head, hip, and extremities when she slipped and fell. When she reached maximum medical improvement (MMI) in June 1993, her authorized treating physician rated her impairment at 5% of the whole person. Her temporary disability benefits were then discontinued.

Claimant's condition subsequently worsened, prompting the first Administrative Law Judge (ALJ) assigned to this case to order the resumption of temporary disability benefits. The ALJ credited the opinions of a psychologist, psychiatrist, and audiologist that claimant's condition was work-related, and specifically discredited the contrary opinion of two other physicians, including one who had performed the first independent medical examination (IME). Based on this evidence, the ALJ concluded that claimant had suffered a closed head injury during the industrial accident, causing her to develop disabling psychological problems.

Claimant received temporary total disability (TTD) benefits until March 1996, when she reached MMI from the worsened condition. After she applied for a hearing on permanent total disability (PTD), a division-sponsored IME was performed. This second IME physician opined that claimant's psychological impairment was 60% of the whole person, but that such impairment was caused not by the industrial injury, but by preexisting conditions. Two other physicians agreed that the industrial injury was not a causative factor.

After a hearing on PTD, a second ALJ assigned to the case made findings in which he set forth the conflicting opinions of some ten medical providers. Some of those providers opined that claimant's condition was work-related, while others, including the second IME physician and the two concurring physicians, offered contrary opinions. The ALJ specifically credited only these latter three opinions, and implicitly rejected all the other opinions.

Based on the three opinions found persuasive, the ALJ denied the claim for PTD

benefits because claimant had failed to prove that the industrial injury was a significant factor in the alleged disability. The Panel affirmed.

## I.

Claimant contends that the first ALJ's order was conclusive as to the cause and compensable nature of her psychological disability, and that the second ALJ erred in redeciding issues the first ALJ had resolved. We agree.

### A.

■ We first address the applicability of collateral estoppel to issues in a workers' compensation proceeding.

■ Collateral estoppel, or issue preclusion, is a derivative of *res judicata.* It bars relitigation of an issue if it is identical to an issue actually and necessarily adjudicated at a prior proceeding, the party against whom the estoppel is asserted was a party or is in privity with a party in the prior proceeding, there was a final judgment, and the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *M & M Management Co. v. Industrial Claim Appeals Office,* 979 P.2d 574 (Colo.App.1998).

■ Collateral estoppel is applicable only to later, independent proceedings; this doctrine generally does not apply to bar a party's later assertions in the same litigation. Normally, it is the law of the case, and not *res judicata* or collateral estoppel, that applies to progressive arguments made in the same action. *In re Marriage of Mallon,* 956 P.2d 642 (Colo.App.1998).

However, a workers' compensation case is peculiar in that different stages of such a proceeding will always be the same case, even when there is a reopening. Implicit recognition of this peculiarity has led divisions of this court to apply *res judicata* and collateral estoppel to issues resolved in the same case, including in workers' compensation proceedings. *See M & M Management Co. v. Industrial Claim Appeals Office, supra; Renz v. Larimer County School District Poudre R–1,* 924 P.2d 1177 (Colo.App. 1996); *Williams v. Industrial Claim Appeals Office,* 862 P.2d 1007 (Colo.App.1993). Indeed, courts in other states regularly apply *res judicata* and collateral estoppel in workers' compensation proceedings. *See* 8 *Larson's Workers' Compensation Law* § 79.72(b) (1998) (*res judicata* applies to workers' compensation proceedings such that prior decisions by a tribunal on earlier aspects of the same case are binding on it); Annotation, *Matters Concluded in Action at Law to Recover for the Same Injury, By Decision or Finding Made in Workmen's Compensation Proceeding,* 84 A.L.R.2d 1036 (1962).

Accordingly, we conclude that principles of collateral estoppel are applicable here.

We further conclude that, although claimant raises the issue under the doctrine of law of the case, which does not apply, we will consider the substance of her argument under principles of collateral estoppel. *See In Re Marriage of Mallon, supra* (although husband urged error on basis of *res judicata,* which doctrine did not. apply, court considered substance of argument under different framework).

### B.

■ Whether a finding of causation in an order granting TTD benefits can be retracted in a later order on permanent disability benefits is an issue of first impression. We conclude that, once a finding of causation is made in a final order, that finding is binding, absent fraud or some other factor invalidating the prior order. *See* § 8–43–303, C.R.S.1999; *Bath Iron Works Corp. v. Director,* 125 F.3d 18 (1st Cir.1997) (reopening is a limitation on *res judicata*).

The great majority of courts which have considered similar issues have concluded that, once a determination of causation is made at one stage of a workers' compensation proceeding, collateral estoppel bars relitigation of the issue in later proceedings in the same case. *See Smith v. Industrial Commission,* 125 Ill.App.3d 999, 81 Ill.Dec. 199, 466 N.E.2d 1001 (1984) (temporary disability award was conclusive as to issue of causation); *Van Houten v. Harco Construc-*

*tion, Inc.*, 655 A.2d 331 (Me.1995) (where, in first proceeding, court determined that injury was work-related, employer was collaterally estopped from denying such work-relatedness in second proceeding for medical benefits); *Fox–Smythe Transportation Co. v. McCartney*, 510 P.2d 686 (Okla.1973) (since determination was made at TTD stage that injury caused disability, causation issue could not be relitigated at PTD stage in same case); *Johnsen v. Beacon Electric*, 117 Or.App. 285, 843 P.2d 1008 (1992) (claim is barred by issue preclusion if exposure to asbestos and conditions are same as those considered in earlier claim); *Ricci v. Hall*, 101 R.I. 677, 226 A.2d 692 (1967) (in first proceeding employee was determined to be totally incapacitated from industrial accident; thus, in subsequent proceeding for benefits from second injury indemnity fund, *res judicata* barred relitigation of causation); *AMP, Inc. v. Ruebush*, 10 Va.App. 270, 391 S.E.2d 879 (1990) (agency's final judgment on issue of causation conclusively resolves claim as to that particular injury, and, absent fraud or mistake, *res judicata* bars further litigation of that claim); *cf. Tenorio v. State ex rel. Wyoming Workers' Compensation Division*, 931 P.2d 234 (Wyo.1997) (absent statute modifying applicability and scope of collateral estoppel in cases where the initial award is uncontested, doctrine would have applied at second proceeding for permanent disability benefits to bar relitigation of causation issue, which was resolved in first proceeding for TTD and medical benefits).

■ Thus, collateral estoppel applies whether it is the worker or the employer who seeks to relitigate administratively the issue of causation. *See* 8 *Larson's Workers' Compensation Law, supra*, § 81.32(a) (no matter who brings a change-of-condition reopening proceeding, neither party can raise original issues such as work-connection, employee or employer status, occurrence of a compensable accident, and degree of disability decided at the time of the first award).

As the court observed in *Bath Iron Works Corp. v. Director, supra*, 125 F.3d at 22:

> [T]he point of collateral estoppel is that the first determination is binding not because it is right but because it was first – and

was reached after a full and fair opportunity between the parties to litigate the issue.

Thus, applying the doctrine of collateral estoppel to the circumstances presented here furthers the causes of administrative and judicial efficiency, and precludes relitigation of "original issues" such as causation.

Here, the four elements of collateral estoppel have been met.

First, causation, or the work-relatedness of the injury, was actually litigated before the first ALJ, and its adjudication was unquestionably necessary to the award of TTD benefits. The work-relatedness of the injury is identical to one of the elements necessary for an award of permanent benefits. *See M & M Management Co. v. Industrial Claim Appeals Office, supra* (even if the legal issue is not identical in the two proceedings, if the factual issue is the same, the "identity of issues" test is met). However, that issue should not be confused with, and is not conclusive of, questions as to the nature and extent of the disability. *See Smith v. Industrial Commission, supra* (while temporary disability award is conclusive as to issues such as causation, employment relationship, and temporary disability, it is not conclusive as to the nature and extent of disability).

Indeed, to sustain her burden of proving entitlement to PTD benefits, claimant was still required to prove that the permanent effects of the industrial injury are a significant causative factor in her inability to earn any wages, which necessitates a determination of the nature and extent of her residual impairment from the industrial injury. *See Seifried v. Industrial Commission*, 736 P.2d 1262 (Colo.App.1986).

Second, the parties were the same in the proceedings before the first ALJ and second ALJ.

The third factor, requiring a final judgment on the merits at the proceeding before the first ALJ, has also been met. *See Williams v. Industrial Claim Appeals Office, supra* (order granting continued temporary disability benefits was final order for purposes of application of collateral estoppel in subsequent proceeding for medical utilization review).

Finally, both parties had a full and fair opportunity to litigate the issue of causation before the first ALJ.

Thus, the second ALJ erred in disregarding the first ALJ's determination of causation. Accordingly, we must remand for reconsideration of the issue of permanent disability benefits in light of the first ALJ's determination that claimant's injury was work-related.

## II.

Claimant also contends that the second ALJ erred in finding a break in the chain of causation established by the first ALJ. She argues that the existing finding as to causation may be overcome only if employer presents evidence that her condition resolved or that the causal relationship was severed by an efficient intervening cause. We agree that this issue should be reconsidered and the order clarified on remand.

First, contrary to claimant's assertion, she, not the employer, has the burden of proving entitlement to PTD benefits. *See* § 8–40–201(16.5)(a), C.R.S.1999. To sustain her burden, claimant must prove that the permanent effects of the industrial injury were a significant causative factor in her inability to earn any wages. *See Seifried v. Industrial Commission, supra.* And, in determining whether claimant has sustained this burden, the ALJ must necessarily determine the nature and extent of claimant's residual impairment from the industrial injury.

Nevertheless, claimant argues that, here, of the physicians found persuasive by the second ALJ, none opined that her condition resolved after the time the first ALJ found it had deteriorated. Thus, she contends that the second ALJ's finding that her condition had resolved, based on the opinion of one of these physicians, is unsupported by the evidence.

A review of the evidence reveals that this physician had not ever believed there was a ratable work-related impairment; but, when he assumed there was, his testimony might be construed as supporting the conclusion that her condition had resolved. However, because the findings are not clear, and the physician's initial assumption—that claimant's impairment was not work-related—is erroneous, given our conclusion that the earlier finding of causation was binding, we further conclude that the ALJ should clarify this finding on remand. *See In re High,* 638 P.2d 818 (Colo.App.1981) (expert opinion buttressed by assumed facts at variance with actual facts has no evidential efficacy, and where that opinion is only basis for findings of ALJ, conclusion based thereon cannot stand).

On remand, the ALJ should determine whether the permanent effects of the injury, if any, are a significant causative factor in claimant's inability to earn any wages. *See Seifried v. Industrial Commission, supra.*

In view of this disposition, we need not address claimant's remaining contentions, including whether the ALJ erred in "adopting" the medical opinion of the first IME physician.

The order is set aside and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Judge METZGER and Judge TAUBMAN, concur.