380 P.2d 28 (1963)
The COLORADO FUEL AND IRON CORPORATION, Plaintiff in Error,
v.
The INDUSTRIAL COMMISSION of Colorado and Juan R. Lovato, Defendants in Error.
No. 20433.
Supreme Court of Colorado. In Department.
March 25, 1963.
Welborn & Dufford, Elmer P. Cogburn, Denver, for plaintiff in error.
*29 Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for defendant in error Industrial Commission.
Graham & Scheunemann, Denver, for defendant in error Juan R. Lovato.
SUTTON, Justice.
This is a workmen's compensation case. We shall refer to plaintiff in error, The Colorado Fuel and Iron Corporation, as the employer; to defendant in error The Industrial Commission of Colorado, as the commission; and to Juan R. Lovato as claimant.
Claimant was awarded temporary total disability for an injury to his back which he claimed occurred while he was working in employer's coal mine at Valdez, Colorado. The company unsuccessfully sought a reversal in the district court and now urges reversal on writ of error. It asserts error on three grounds:
1. There was no substantial and credible evidence to support the finding of the commission that the claimant had sustained any accidental injury;
2. The nature of claimant's disability requires medical opinion evidence to establish the cause and extent thereof; and
3. There is no medical opinion evidence in the record to show that the claimant's disabling back condition was a result of or caused by the accident as contended.
The record discloses that claimant was employed as a nipper in the mine for a number of years. One of his duties was to open and close a set of two doors which permitted entry into part of the mine. The first door opened easily but the second, due to air pressure, required some physical exertion to open. Claimant testified that on April 7, 1960, when he pulled open the second door he suddenly developed a severe pain on the right side of his back and chest and that the pain radiated into his right leg. He was helped from the mine, given medication and hospitalized. He returned to work the following week when he again saw the company doctor. The latter testified that on that visit the claimant informed him about his leg pain for the first time, although claimant testified to having inquired of the doctor as to the circulation in his leg on his first confinement in the hospital. His original claim, however, referred only to "twisted back and hurt same". In any event, claimant was again hospitalized in Trinidad and later transferred to a Pueblo hospital where it was determined that his leg pain was due to a marked thickening or bony growth between his fourth and fifth lumbar vertebrae. This was corrected by surgery. On April 29, 1960, claimant filed his claim for compensation.
At the hearing before the referee it was disclosed that claimant had had previous pain in his upper back and chest as early as April 1959. He was examined and treated for this but no cause therefor was discovered. He had similar difficulty in June 1959 with no conclusive findings as to why.
As to the 1960 operation after this accident, Dr. D. W. Hayhurst, who performed the surgery, testified that claimant's condition and surgery were in no way connected to any traumatic injury; that it "was a long standing affair (i. e. the bony growth) and was responsible for the pressure exerted on the nerve root". He also stated that claimant had no complaint about his chest or dorsal spinal area while under this doctor's care. On cross examination Dr. Hayhurst did say, however, he was unable to state what had caused claimant's bony spinal growth to cause trouble just when it did.
Dr. Robert D. Carlson, who was claimant's doctor prior to the accident, testified, as to his prior examinations of claimant. As to claimant's back he stated that he had x-rayed it in June 1959 and there were no abnormalities noted but there was some indication of arthritis. And, on redirect examination testifying as to his examination as a consulting physician following the accident of April 7, 1960, he said "According to my records, his complaint was of *30 acute on-set of pain in the back". This followed a more detailed description of claimant's entire condition as brought out on both direct and cross examinations.
Claimant testified that part of the treatment after the April 7th accident was to be in traction for about a week and a half followed by the operation.
F. C. Bennett, the mine superintendent, testified that claimant was helpless when brought from the mine on a stretcher and was in great pain. He also stated that claimant told him he was feeling ill before he went into the mine, then got worse and had to come out; that both he and claimant thought claimant felt ill when he entered the mine from his earlier chest and back condition. Claimant's testimony on cross examination was: "I didn't have any pain when I came to work; I had a cold."
Based on this state of the record the referee found that claimant had suffered a ligamentous back strain on April 7, 1960, while opening the door and that this had aggravated his pre-existing condition necessitating the operation which relieved his leg pain. Temporary total disability and medical expenses were awarded.
Returning now to the employer's contentions, it can be seen that there is undisputed testimony by claimant that he developed a sharp back pain when he pulled the door open during the course of his employment. It further appears from Dr. Carlson's testimony that claimant complained of and had back pains following the accident; and at best there is disputed evidence as to whether this is the same pain claimant had from his previous ailments.
The fact that claimant had had previous back and chest pains does not demonstrate that he was not injured on April 7, 1960. In this case having proved the accident and its disabling effects, there was no burden on claimant to prove additionally by medical evidence the cause and extent thereof to his back.
The applicable rule is set forth in Industrial Commission, et al. v. Havens, et al., 136 Colo. 111, 314 P.2d 698, 702 (1957) where it was said:
"In Industrial Commission, [et al.] v. Corwin Hospital, et al., 126 Colo. 358, 250 P.2d 135, this court in effect held that no medical proof of causation was necessary to prove that the claimant contracted polio while at work, and we now add that if the rule were otherwise an unattended injury or death in many cases could never be compensated. All that is necessary to warrant the finding of a causal connection between the accident and the disability, is to show facts and circumstances which would indicate with reasonable probability that the injury or death resulted from or was precipitated by the `accident'. * * *
"Even in cases of medical dispute as to the cause of an injury if there is proper evidence favoring the claimant, such is sufficient to grant the protection of the Act even though the weight of medical testimony may be to the contrary, * * *."
In Vanadium Corp., et al. v. Sargent, et al., 134 Colo. 555, 307 P.2d 454 (1957), a somewhat similar situation arose as to a back injury except that there the medical evidence indicated that Sargent could not do the type of work he in fact had been doing. In that case it appeared that Sargent, who had an admitted congenital spinal defect, had been doing heavy physical work following a neural arch back operation and was injured. The medical evidence was that the doctor was surprised that he could do physical work after such an operation. Sargent, however, proved by his own testimony and work history that he had in fact been so employed. It was held that he was entitled to compensation for aggravation of a pre-existing condition. Thus, here also there appears sufficient evidence to sustain the finding of an aggravation of a pre-existing back condition which resulted in claimant's operation. In other words, when a workman has a dormant *31 pre-existing physical condition as was proved here, which has not interfered with his ability to do his work, a direct causal connection between a precipitating event and the resulting disability can be proved by lay testimony and without affirmative medical testimony.
There being competent evidence to support the findings of the commission we must affirm the judgment. Hallack and Howard Lumber Company, et al., v. Bagly, et al., 100 Colo. 402, 68 P.2d 442 (1937).
Judgment affirmed.
FRANTZ, C. J., and HALL, J., concurring.