■ In the Matter of the Claim of PEDRO ZAMBRONA, Respondent, v. RENELL BAKE SHOP, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from so much of a decision of the Workmen's Compensation Board as awarded claimant benefits for disability from baker's asthma, an occupational disease. The issues of exposure, nature of claimant's ailment and causal relationship are not here controverted. Appellants assert solely that the board's finding of June 23, 1966 as the date of claimant's disablement is not supported by substantial evidence and that the claim is barred by section 40 of the Workmen's Compensation Law. The board's establishment of the date of disablement will be upheld if supported by substantial evidence (e.g., *Matter of Scimeni* v. *Welbilt Stove Co.*, 32 A D 2d 364; *Matter of Arnold* v. *Ford Foundation*, 28 A D 2d 1053). In reaching its decision, the board is not required to give undue consideration to the date on which financial disablement occurred, but may instead fix as the disablement date the day on which physical impairment, in the nature of an occupational disease, was diagnosed (*Matter of Ryciak* v. *Eastern Precision Resistor*, 12 N Y 2d 29). Moreover, if no diagnosis of occupational disease is initially made, and claimant suffers losses due to absence from employment only to have an occupational disease ultimately diagnosed, the board may properly set the date of the latter diagnosis as the date of disability (*Matter of Richardson* v. *National Container Corp.*, 23 A D 2d 904). Here while claimant was previously aware that he suffered from bronchial difficulty it was not until June of 1966, when Dr. Hirschfeld diagnosed his condition as baker's asthma, that claimant was aware of the exact nature of his affliction and particularly its occupational relationship. The board's decision of June 23, 1966 as the date of claimant's disability is thus clearly supported by substantial evidence (*Matter of Montalvo* v. *Pioneer Pizza Pie Corp.*, 20 A D 2d 603). Similarly the board's determination of May 1, 1966 as the date of contraction is supported by the evidence and the claim is thus not barred by section 40 of the Workmen's Compensation Law. Unquestionably claimant suffered some form of underlying bronchial condition when he commenced employment with appellant. But it is also clear that the board could find that this underlying condition was aggravated by claimant's employment with appellant. And "The *aggravation*

of an underlying condition in the last employment may constitute the contraction of a disease as that term is used in section 40 of the Workmen's Compensation Law" (*Matter of Miltz* v. *Dojay Knitting Mills,* 33 A D 2d 608, 609 and cases cited therein; emphasis added). Finally the appellants also served a notice of appeal directly to this court from a Referee's award of benefits for a subsequent period. Such direct appeal is specifically proscribed by section 23 of the Workmen's Compensation Law and accordingly it must be dismissed (*Matter of Shadorsky* v. *Longwood Parlor Furniture Corp.,* 33 A D 2d 932; *Matter of Redder* v. *Village of Clyde,* 21 A D 2d 917; *Matter of Thomas* v. *Cooley Contr. Co.,* 21 A D 2d 929). Decision affirmed, with costs to the Workmen's Compensation Board; appeal from the Referee's decision dismissed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.