■ In the Matter of ESSIE DOOLEY, Respondent, v NYS BRONX CHILDREN'S PSYCHIATRIC HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed January 8, 1976, which affirmed the referee's decision awarding compensation for a partial disability as a result of a work-connected accident. The board found that claimant had a continuing causally related partial disability which prevented her from performing her regular duties as a nurse, that her loss of earnings were causally related to the accidental injury and that her return to college did not constitute voluntary withdrawal from the labor market. On this appeal, the carrier urges that the claimant is not entitled to the award since she voluntarily withdrew from the labor market by matriculating and attending on a full-time basis the City College of New York. The claimant became totally and partially disabled for various periods for which she received compensation as a result of a back injury suffered in May, 1973. Claimant returned to work on a part-time, lighter duty basis in May, 1974, but stopped working on August 1, 1974 because she alleged her back condition had become worse. Subsequently, she enrolled in the City College as a full-time student to study for a degree to enable her to qualify for a teaching position in the nursing field. The board specifically found that the claimant had a continuing causally related partial disability which prevented her from performing her regular duties as a registered nurse and that her return to college did not constitute voluntary retirement from the labor market. In the instant case, there is substantial medical evidence to support the board's determination that the claimant could not continue to work as a registered nurse. This court has held, and the Court of Appeals has affirmed, that in such circumstances, the fact that a person has enrolled in college as a full-time student does not constitute voluntary retirement from the labor market (*Larke v Bell Aerosystems, Div. Bell Aerospace Corp.,* 50 AD2d 649, affd 40 NY2d 1019). Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.

## (February 11, 1977)

■ In the Matter of BEATRICE REMINGTON, Respondent, v GEORGE NEEDHAM, SR., et al., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Motion for stay pending appeal denied, without costs. Cross motions to dismiss appeal, taken from decision of referee dated November 24, 1976, granted, without costs (Workmen's Compensation Law, § 23; see, e.g., *Matter of Zambrona v Renell Bake Shop,* 34 AD2d 707, 708). Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.