**GELCO COURIER and Wausau Insurance Companies, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Leonard Pawlowski, Respondents.**

**No. 84CA1299.**

Colorado Court of Appeals, Div. III.

May 16, 1985.

Glasman, Jaynes & Carpenter, James L. Carpenter, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

Richard T. Goold, Denver, for respondent Leonard Pawlowski.

BABCOCK, Judge.

Employer, Gelco Courier, and insurer, Wausau Insurance Companies, (petitioners) seek review of an order of the Industrial Commission awarding claimant, Leonard Pawlowski, temporary total disability benefits. We affirm.

According to claimant's testimony before the Division of Labor, he was injured on July 17, 1981, when he strained his back tossing an 80 pound bag of cancelled checks from the rear of a van into a cart on a loading dock. After a week off work, claimant returned to light duty, but was forced to leave work four weeks later because of continued back pain. Claimant was subsequently employed as a security guard, but was again forced to quit because of back problems.

Claimant's treating chiropractor diagnosed him as suffering from "acute severe traumatic lumbar strain." An examining physician stated that claimant suffered from developmental scoliosis which would predispose him to "unusual strain ... when he performs work which requires frequent bending and heavy lifting." The physician found no evidence of permanent physical impairment as a result of the July 17, 1981, injury.

A second examining physician stated that claimant suffered from chronic stress in the low back because of rotoscoliosis, and a sprain of the lumbosacral spine. This physician estimated that claimant suffered from a 2 percent permanent partial disability. A third examining physician estimated that claimant suffered from 3 percent permanent partial disability as a result of scoliosis and a degenerative disc.

In an order dated January 7, 1983, the hearing officer awarded claimant temporary total disability based on a determination that claimant had suffered a compensable back injury which rendered him unable to continue his employment at Gelco. Petitioners did not seek review of this order.

On January 27, 1984, the hearing officer entered an award of temporary total disability benefits for the period beginning when claimant left his employment as a security guard. The Industrial Commission affirmed the award.

On review, petitioners contend that there was insufficient evidence to support the Commission's award of temporary total disability. We disagree.

■ The Commission is vested with broad discretion in assessing the weight and sufficiency of the evidence in determining whether a claimant has met the burden of establishing the elements of his claim. *Sena v. World of Sleep, Inc.*, 173 Colo. 348, 478 P.2d 671 (1970). The Commission's resolution of conflicting evidence is binding on review. *Prestige Homes, Inc. v. Legouffe*, 658 P.2d 850 (Colo.1983).

■ Here, there was medical evidence that claimant suffered a spinal injury as a result of the July 17, 1981, accident, and there was testimony by claimant that the resultant back pain made continued employment impossible. This evidence was sufficient to support the award.

■ Petitioners contend, however, that by his decision to enroll in college claimant removed himself from the labor market and that his lack of earnings was therefore voluntary. Whether claimant's continued unemployment was the result of his disability or of his decision to continue his education was a question of fact. We decline to hold as a matter of law that claimant voluntarily removed himself from the job market. *See Khachadoorian's Case*, 329 Mass. 625, 110 N.E.2d 115 (1953); *Dooley v. N.Y.S. Bronx Children's Psychiatric Hosptial*, 56 A.D.2d 680, 391 N.Y.S.2d 526 (1977).

Order affirmed.

VAN CISE and TURSI, JJ., concur.