**Winfred SEIFRIED, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Director, Department of Labor and Employment, Division of Labor, State of Colorado; City and County of Denver, State of Colorado; and State Compensation Insurance Fund, Respondents.**

**No. 86CA0390.**

Colorado Court of Appeals,
Div. III.

Dec. 31, 1986.

Rehearing Denied Jan. 29, 1987.

Certiorari Denied (Seifried) May 11, 1987.

Fogel, Keating and Wagner, P.C., Marshall A. Fogel, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Kathryn J. Aragon, First Asst. Atty. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Dept. of Labor and Employment.

John E. McDermott, Denver, for respondent City and County of Denver.

Russell A. Stanley, Denver, for respondent State Compensation Ins. Fund.

BABCOCK, Judge.

Winfred Seifried (claimant) seeks review of a final order of the Industrial Commission which affirmed an award for an admitted permanent partial disability, but denied his claim for permanent total disability benefits. We affirm.

In April 1979, claimant suffered an injury to his right arm and shoulder in the course of his employment as a utility worker. He received medical treatment and returned to work after two weeks. In June 1981, claimant again injured his right arm in the course of his employment and was diagnosed as having a cervical sprain. In July 1981, he returned to work under restrictions on lifting. Claimant worked for almost a year before permanently leaving work under disability retirement because of inability to perform his duties. Claimant testified that he was unable to crawl or climb and had lost 75% of the motion in his neck.

Respondents admitted liability for both injuries to the extent of a seven and one-half percent permanent partial disability for the 1979 injury and one percent permanent partial disability for the 1981 injury. Claimant contested these admissions of liability, asserting that his injuries rendered him permanently and totally disabled.

Claimant consulted two physicians. Dr. Quigley opined that claimant had sustained a 25% loss of function in his shoulder from the 1979 injury, and a two percent permanent partial disability from the 1979 and 1981 injuries combined. He concluded that claimant's total disability was caused by a pre-existing myositis condition and related therapy, which were unrelated to his occupational injuries.

Dr. Briney opined that claimant's total disability was the result of pre-existing degenerative disc disease and degenerative arthritis. Although he acknowledged that these conditions could be aggravated or accelerated by a specific trauma such as those claimant had suffered, he stated that claimant's injuries were not the basis for his opinion that claimant was permanently and totally disabled. He further stated that the 1979 injury, which resulted in a torn right bicep, was not a significant factor in claimant's total disability.

The Commission denied the claim for permanent total disability benefits based on the conclusion that there was "a lack of medical substantiation that the conditions which contribute to claimant's permanent total disability have been *significantly caused* by his industrial injuries...." (emphasis added)

Claimant contends that the Commission erred in denying his claim. He asserts that under the "full responsibility" rule, an employer takes a worker as he finds him, and cannot escape liability for the entire disability resulting from a compensable accident. *See Colorado Fuel & Iron Corp. v. Industrial Commission*, 151 Colo. 18, 379 P.2d 153 (1962). Claimant reasons that an occupational injury therefore need not be a "significant factor" in rendering a worker permanently, totally disabled, so long as that injury has caused the pre-existing infirmity to become suddenly disabling.

■ We agree with claimant's general statement of the law; however, we disagree that it applies to the facts as found by the Commission. Under the facts hypothesized by claimant, an injury need not be "significant" in terms of apportionment. For example, if a disability were 95% attributable to a pre-existing, but stable, condition and 5% attributable to an occupational injury, the resulting disability is still compensable if the injury has caused the dormant condition to become disabling. However, an injury nevertheless must be "significant" in that it must bear a direct causal relationship between the precipitating event and the resulting disability. *See Colorado Fuel & Iron Corp. v. Industrial Commission*, 152 Colo. 25, 380 P.2d 28 (1963).

■ Here, claimant suffered from several pre-existing ailments. Dr. Quigley estimated that claimant's occupational injuries had reached maximum medical improvement, and concluded that claimant re-

mained disabled because of the nonoccupational factors. While Dr. Briney's testimony arguably might support conflicting inferences, he definitively stated that his permanent total disability rating was based strictly on claimant's pre-existing infirmities. Further, although circumstantial evidence could support a conclusion that the injuries caused claimant's condition to become disabling, *see Colorado Fuel & Iron Corp. v. Industrial Commission,* 152 Colo. 25, 380 P.2d 28 (1963), the medical evidence also supported the contrary conclusion.

The Commission resolved the conflict in the evidence against claimant and concluded that his industrial injuries were insignificant and, thus, did not cause his total disability. Since there is substantial evidence to support this conclusion, we will not disturb it on review. *See Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo.App.1985).

Order affirmed.

VAN CISE and METZGER, JJ., concur.