**LOFFLAND BROTHERS COMPANY and National Union Fire Insurance Company, Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Director, Department of Labor and Employment, Division of Labor, State of Colorado; and Kriss Burwell, Respondents.**

No. 87CA0423.

Colorado Court of Appeals,
Div. I.

March 3, 1988.

Rehearing Denied March 31, 1988.

Certiorari Granted (Loffland) May 23, 1988.

Blackman & Levine, Lawrence D. Blackman, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Dept. of Labor and Employment, Div. of Labor.

Withers, Seidman & Rice, P.C., Christopher Seidman, Grand Junction, for respondent Kriss Burwell.

CRISWELL, Judge.

In this review sought by Loffland Brothers Company (the employer) of an order of the Industrial Claim Appeals Office (Panel) reopening the workmen's compensation claim of Kriss Burwell (claimant), the principal issue is whether the decision in *Padilla v. Industrial Commission*, 696 P.2d 273 (Colo.1985), should be given retroactive application. Because we conclude that it should be so applied, we affirm.

Claimant suffered an industrial injury that admittedly resulted in permanent disability. On June 25, 1984, claimant, the employer, and the employer's insurer, National Union Fire Insurance Co., entered into a stipulation settling his claim for compensation benefits. The stipulation provided that claimant was to be paid a lump sum, together with other benefits, and, in return, he agreed to waive "his right to reopen his case for any benefits whatsoever excepting medical benefits" that were provided for in the stipulation.

On August 13, 1984, the Director of the Division of Labor, finding that the stipulation was in the "best interests of the parties," entered his order of approval.

On February 11, 1985, the supreme court rendered its opinion in *Padilla, supra,* in which it concluded that the Director had the statutory authority to "reopen" any case, whether previously terminated by adjudicatory order or by private settlement, and that no agreement between the parties could affect the Director's authority in that respect.

Effective April 6, 1985, the General Assembly amended the statutes so as to provide that a claimant could enter into a binding agreement, waiving his right to reopen his case, except where fraud or mutual mistake might be involved. This

amendment, however, specifically applies only to settlement agreements entered into after its effective date. Colo.Sess. Laws 1985, ch. 77, § 8–53–105 at 355–356.

On February 7, 1986, claimant filed his petition to reopen his claim, pursuant to § 8–53–113, C.R.S. (1986 Repl. Vol. 3B), claiming that his physical condition had worsened. After an evidentiary hearing, the referee concluded that claimant's condition had worsened and that he was then temporarily totally disabled. He therefore entered an order reopening the claim and directing the payment of temporary benefits, but providing that the employer and the carrier were to receive credit for the payments made by them under the terms of the stipulation against any compensation later awarded. Upon appeal to the Panel, the referee's order was affirmed.

I

In approving the reopening of this claim, the Panel concluded that, since the petition to reopen was filed after the date *Padilla* was announced, that holding was applicable without regard to the separate issue of its retroactivity. This view seems to ignore the fact that claimant purported to waive his right to reopen *before Padilla* was announced. Nevertheless, since we conclude that the rule announced in *Padilla* should be applied to this case, we affirm the Panel's order.

The traditional "Blackstonian" view is that a court merely discovers and declares the law and does not "make" law. Under this traditional view, therefore, even a judicial pronouncement overruling a prior decision must be applied to all similar cases, whether arising before, or after, announcement of the new rule. *See* Annot., 10 A.L.R.3d 1371 (1966). Thus, absent compelling reasons for an exception, the general rule is that all judicial decisions are to receive a retroactive application. *See, e.g., Fitzgerald v. Meissner & Hicks, Inc.*, 38 Wis.2d 571, 157 N.W.2d 595 (1968).

In the recent case of *Marinez v. Industrial Commission*, 746 P.2d 552 (Colo. 1987), the supreme court, relying on *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), determined that compelling reasons exist for making an exception to the general rule, if three factors are shown to exist. Thus, consideration must first be given to whether the *Padilla* decision established a new principle of law, either by overruling clear past precedent or by deciding an issue of first impression in a manner not "clearly foreshadowed." If *Padilla* meets this criterion, then consideration must be given to the question whether retrospective application of the new rule would further or retard its purpose and effect. Finally, any inequity that might arise from such retroactive application must also be considered.

As to the first of these criteria, while we are not entirely convinced that the *Padilla* result was not "clearly foreshadowed" by the prior decisions referred to in that opinion, we shall assume, for purposes of this analysis, that the rule announced there was one of first impression which could not have been reasonably anticipated by the interested parties. Thus, we must consider the two other important criteria.

The first of these is whether the purpose and effect of the *Padilla* rule would be furthered or retarded by its retroactive application. In our consideration of this factor, we acknowledge the emphasis by the *Padilla* court upon the public policy of the Workmen's Compensation Act as that policy was reflected in the legislation prior to the effective date of its 1985 amendment. That policy placed a higher priority upon achieving an ultimately fair and just result than upon the parties' interest in achieving a final resolution of their dispute. *Padilla v. Industrial Commission, supra.* Indeed, it was to achieve this primary goal, at the expense of the latter interest, that the reopening provisions at issue in *Padilla* were adopted. And, this underlying public policy, which the rule announced in *Padilla* was designed to advance, would be retarded by the adoption of a corollary rule that the principle of finality is to be given a higher priority than the principle of fairness for all agreements that were consummated before *Padilla* was announced. We conclude, therefore, that the considerations

underlying the *Padilla* decision would be undermined by a limitation upon its applicability.

Finally, here, as in *Marinez, supra,* there is no evidence concerning the extent to which agreements of the kind at issue here were being employed by parties to workmen's compensation proceedings prior to *Padilla,* nor is there any estimate as to the number of claims that a retrospective application of *Padilla* would make eligible for reopening. Indeed, the employer here has failed even to provide an estimate of the additional cost to it that the retroactive application of *Padilla* would require in this case. Under this state of the evidence, there is simply no factual basis for concluding that substantial inequity would result from a retroactive application of *Padilla.* This record, therefore, provides no reasonable ground for limiting that decision's applicability.

Thus, we conclude that the employer has failed to establish the existence of the three factors required to restrict the applicability of the *Padilla* decision. Since that decision must be applied retroactively to all settlement agreements entered into prior to its announcement, we agree with the Panel that the agreement here presented no bar to claimant's petition to reopen.

## II

We have considered the employer's assertion that, even if claimant was not bound by the settlement agreement, claimant did not prove that his physical condition had worsened, so there was no basis for reopening his claim. However, since the Panel's decision upon this issue finds substantial record support, it is binding on review. Section 8–53–120, C.R.S. (1986 Repl. Vol. 3B); *Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo.App. 1985).

Thus, because the Panel reached the right result, its order is affirmed.

PIERCE and VAN CISE, JJ., concur.