**SUBSEQUENT INJURY FUND, Petitioner,**

v.

**STATE COMPENSATION INSURANCE AUTHORITY, The Industrial Claim Appeals Office of the State of Colorado, Department of Natural Resources and Elbert Larry Baker, Respondents.**

**No. 87CA1875.**

Colorado Court of Appeals, Div. III.

Oct. 13, 1988.

Rehearing Denied Nov. 10, 1988.

Certiorari Granted (SIF) Feb. 21, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, First Asst. Atty. Gen., Denver, for petitioner.

Paul Tochtrop, Eliot J. Wiener, Denver, for respondents State Compensation Ins. Authority and Dept. of Natural Resources.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, First Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Dawes and Crane, P.C., Robert C. Dawes, Durango, for respondent Elbert Larry Baker.

TURSI, Judge.

The Subsequent Injury Fund (SIF) contests a final order of the Industrial Claim Appeals Office (Panel) which held it liable for a portion of the workmen's compensation benefits due Elbert Larry Baker (claimant). We affirm.

It is undisputed that claimant is permanently and totally disabled. It is also undisputed that claimant was injuriously exposed to asbestos in the course of three separate employments. However, SIF asserts that the remaining conditions for its liability pursuant to § 8–51–112(2), C.R.S. (1986 Repl.Vol. 3B) have not been established. The Panel rejected SIF's arguments, and we agree with the Panel.

At the request of the State Compensation Insurance authority, claimant was examined by a specialist in pulmonary medicine. This physician reported that claimant was suffering from mild pulmonary and severe pleural asbestosis. Further, he found that when combined with a long history of heavy cigarette smoking, the asbestosis caused, at least in part, a bronchogenic cancer of the right upper lobe. He made no finding that the bronchogenic cancer would have resulted without exposure to inhaled asbestos.

The Administrative Law Judge (ALJ) found that claimant had suffered serious exposures to asbestos and that his permanent total disability was proximately caused by asbestosis arising out of his em-

ployment. The ALJ also found that although claimant has an extensive smoking history, there is no medical evidence that claimant's cancer was proximately caused by smoking. The ALJ found, instead, that the cancer was proximately caused by asbestos exposure and not as a result of cigarette smoking. Therefore, SIF was held liable for a portion of claimant's benefits pursuant to § 8–51–112(2), which provides:

"In any case where an employee of an employer becomes disabled from silicosis, asbestosis, anthracosis, or poisoning or disease caused by exposure to radioactive materials, substances, or machines or to fissionable materials, or any type of malignancy caused thereby, ... if such employee has been injuriously exposed to such diseases while in the employ of another employer during his lifetime, the last employer or his insurance carrier, if any, shall be liable only for compensation and medical benefits ... up to the amount of ten thousand dollars. In addition to such benefits, such employee ... shall receive additional benefits equivalent to the difference between the amount paid by the last employer or his insurance carrier, if any, and the total amount of benefits payable under said articles. Such additional benefits shall be paid out of the subsequent injury fund...."

### I.

SIF contends that it is not liable for any portion of claimant's benefits because the evidence does not support a finding that claimant is disabled *solely* because of asbestosis. SIF seeks support for its argument that asbestosis must be the *sole* cause by analogizing § 8–51–106(1)(a), C.R.S. (1986 Repl.Vol. 3B), which outlines the requirements for SIF's liability in accidental injury cases.

It is true that, pursuant to § 8–51–106(1)(a), the SIF is liable for compensation benefits only if a worker is totally disabled *solely* as a result of combined permanent partial disabilities associated with industrial injuries. *City & County of*

*Denver v. Industrial Commission,* 690 P.2d 199 (Colo.1984). However, we conclude that if the limitation proposed by SIF were adopted, it would negate the specific benefits provided in § 8–51–112(2) and would require treating § 8–51–106 inconsistently rather than in harmony with § 8–51–112(2). *See Gardner Denver v. Hansen,* 650 P.2d 1319 (Colo.App.1982).

[1] An industrial aggravation of a dormant pre-existing condition or weakness can be the basis of a permanent partial disability award. *See Seifried v. Industrial Commission,* 736 P.2d 1262 (Colo.App. 1986). Thus, one or more of the permanent partial disabilities which contribute to the total disability in § 8–51–106 may take into account non-industrial factors or conditions. However, a non-industrial disabling condition which is *not compensable* may not be the trigger to SIF's liability pursuant to § 8–51–106.

Thus, if employment conditions act upon a pre-existing weakness so as to disable a worker, the worker suffers a compensable occupational disease. *IML Freight, Inc. v. Industrial Commission,* 676 P.2d 1205 (Colo.App.1983). Hence, if asbestosis is the "proximate" cause for claimant's disability, *i.e.,* the necessary precondition or trigger of the disability, then the disability is "caused" by asbestosis within the meaning of § 8–51–112(2). *See* § 8–41–108(3), C.R.S. (1986 Repl.Vol. 3B); *Masdin v. Gardner–Denver–Cooper Industries, Inc.,* 689 P.2d 714 (Colo.App. 1984).

We agree with the Panel that the physician's report can be fairly construed to conclude that asbestosis was the necessary pre-condition of claimant's disability. Therefore, we conclude that SIF was properly held liable pursuant to § 8–51–112(2).

### II.

SIF nonetheless asserts that § 8–51–112(2) does not permit its contribution here because the statute provides only for disability resulting from asbestosis and not cancer caused by asbestosis. Again, we disagree.

We read the phrase in § 8–51–112(2), "or any type of malignancy caused thereby" to modify all of the preceding conditions. See § 2–4–214, C.R.S. (1986 Cum.Supp.). In other words, any malignancy caused by silicosis, asbestosis, anthracosis, or exposure to radioactive materials, substances, or fissionable materials is covered.

The order is affirmed.

CRISWELL and JONES, JJ., concur.