**SUBSEQUENT INJURY FUND, Petitioner,**

**v.**

**Rodney W. DEVORE, Northwest Transport Service, Western Guaranty Fund Service, as Administrator of Funds for Colorado Insurance Guaranty Association, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 88CA1500.

Colorado Court of Appeals, Div. III.

June 22, 1989.

Rehearing Denied July 20, 1989.

Certiorari Denied Sept. 11, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael J. Steiner, First Asst. Atty. Gen., Denver, for petitioner.

Halaby & McCrea, Bruce B. McCrea and Thomas L. Kanan, Denver, for respondents Northwest Transport Services and Western Guaranty Fund Service.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Carol Mullins, Asst. Atty. Gen., Denver, for respondent the Industrial Claim Appeals Office.

No appearance, for respondent Rodney W. Devore.

CRISWELL, Judge.

The Subsequent Injury Fund (SIF) petitions for review of the order of the Industrial Claim Appeals Office (Panel) holding SIF liable for 50% of the permanent total disability benefits due to Rodney W. Devore (claimant) under the Workmen's Compensation Act. Its petition requires us to decide whether SIF is liable for such benefits if a claimant's present disability results, in part, from a disability created by the imposition of trauma from an industrial accident upon a previously existing, nondisabling, physical condition. Because we conclude that the existence of such a nondisabling condition does not immunize SIF

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

from liability under the statute, we affirm the Panel's order.

Claimant sustained back injuries at work in 1970 and 1978, as a result of which he was determined to be 25% permanently partially disabled. In 1983, he sustained an industrial injury to his left leg. X-rays revealed that claimant had advanced osteoarthritis ·of the lateral compartment of his knee at the time of the 1983 injury, although this condition had been entirely asymptomatic prior to this injury. Nevertheless, as a result of the superimposition of the 1983 trauma upon this pre-existing condition, claimant was required to undergo a total knee replacement procedure. And, the disability resulting from this procedure, combined with the disability resulting from his prior industrial injuries, caused him to become permanently totally disabled.

Based upon these undisputed facts, the administrative law judge found, and the Panel approved the finding, that 50% of the claimant's total disability was attributable to his previous back injury. Thus, SIF was ordered to pay 50% of the benefits attributable to claimant's permanent disability.

Relying upon *Denver v. Industrial Commission,* 690 P.2d 199 (Colo.1984), SIF argues that, because claimant's osteoarthritic condition contributed to his permanent disability, this disability cannot be considered as having been caused solely by industrial disabilities. We disagree.

Section 8–51–106(1)(a), C.R.S. (1986 Repl. Vol. 3B) renders SIF liable for a portion of an employee's total permanent disability if that employee:

"has previously sustained permanent partial *industrial disability* and in a subsequent injury sustains additional permanent partial *industrial disability* and it is shown that the combined *industrial disabilities* render the employee permanently and totally incapable of steady gainful employment...." (emphasis supplied)

The purpose of this statute is to motivate employers to hire employees who have suffered a previous industrial disability by relieving those employers, in the limited circumstances described by the statute, from liability for such previous disabilities; however, the statute does not relieve such an employer from liability for previous non-industrial impairments if those impairments combine with later industrial disabilities to render the employee totally and permanently disabled. *Denver v. Industrial Commission, supra.*

Yet, it has long been recognized that the trauma of an industrial injury, superimposed upon a pre-existing, non-disabling, physical condition, may result in a single industrial disability. *Colorado Fuel & Iron Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153 (1962). *Cf. Seifried v. Industrial Commission,* 736 P.2d 1262 (Colo.App.1986). Indeed, the statute specifically enjoins the director of labor, in determining the extent of any industrial disability, to consider the claimant's "general physical condition." Section 8–51–108(1)(b), C.R.S. (1988 Cum.Supp.)

In *Denver v. Industrial Commission, supra,* the claimant's industrial injuries were to his back, while the non-industrial impairments that contributed to his total disability consisted of glaucoma, arthritis, asthma, alcohol abuse, and obesity. The nature of the latter conditions was such that any disabilities resulting from those conditions were separate from the disability resulting from his back injuries. His back injuries, for example, could not be said to have been superimposed upon, or to have aggravated, his glaucoma or his asthma, thereby rendering either condition more severe. These conditions certainly did not combine with the industrial trauma to create a single, unapportionable, disability. *See Newbury v. Vogel,* 151 Colo. 520, 379 P.2d 811 (1963).

Further, unlike the dormant osteoarthritic condition in claimant's knee, which was not disabling, nor even symptomatic, before the industrial injury, the conditions in *Denver v. Industrial Commission* were independently disabling prior to the industrial injury.

We conclude, therefore, that, while SIF cannot be held liable for any part of a total

disability contributed to by a non-industrial *disability*, an industrial disability is no less an industrial disability because a pre-existing, non-disabling, physical *condition* increases the severity of that disability. *See Subsequent Injury Fund v. State Compensation Insurance Authority*, 768 P.2d 751 (Colo.App.1988) (*cert. granted* February 21, 1989). Thus, on the undisputed facts contained in this record, the Panel correctly held that SIF was liable for 50% of the benefits due to claimant.

Order affirmed.

NEY and RULAND, JJ., concur.